FILED
DES MOINES, IOWA

2003 OCT 17 AM 8: 3

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LINDA J. CROSS, ) | |
| ) | Case No. 4:03-cv-30172 |
| Plaintiff, ) | |
| ) | |
| vs. ) | BRIEF IN SUPPORT OF |
| ) | MOTION TO ENJOIN |
| CITY OF LISCOMB, ) | STATE COURT ACTION |
| ROBERT TERRY, ) | |
| DARWIN BRACY, and ) | |
| GARNET SMALL, ) | |
| ) | |
| Defendants. ) | |

## I.
## 42 U.S.C. 1446(d)

28 U.S.C. §1446 provides that after the Defendant has given notice of removal and filed the notice with the state court, the state court "shall proceed no further unless and until the case is remanded." This language has been considered express authorization to stay state court proceedings.[1] Kansas Public Employees Retirement System (KPERS) v. Reimer & Koger Associates, Inc., 77 F.3d 1063, 1069 (8th Cir. 1996), *cert. den.* 519 U.S. 948, 136 L.Ed.2d 250, 117 S.Ct. 359 (1996).

Although the removal statute only commands the state court to stay the case that was actually removed, it has been interpreted to authorize courts to enjoin later filed state cases that were filed for the purpose of subverting federal removal jurisdiction. It would be of little

---

[1] The Anti-Injunction Act, 28 U.S.C. §2283, generally prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of three exceptions. Injunctions pursuant to 28 U.S.C.§1446 are within the exception for injunctions expressly authorized by Act of Congress. KPERS, 77 F.3d at 1068-1069.



value to enjoin continuance of the state case after removal and then permit the refiling of essentially the same suit in state court. KPERS, 77 F.3d at 1069.

In the KPERS case, the 8th Circuit affirmed the trial court's injunction against Missouri state court proceedings where the case that the Plaintiff filed in state court following removal was substantially identical to the removed case and the trial court found that Plaintiff had merely tried to "carve up what was one case into separate cases with separate claims, all leading to a subversion of the Defendant's right to remove the entire case." 77 F.3d at 1070.[2]

## II.
## Claim Preclusion

Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. The general rule is that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Shumaker v. Iowa Department of Transportation, 541 N.W.2d 850, 852 (Iowa 1995).

Preclusion applies if the acts complained of and the recovery demanded in the second claim are the same or when the same evidence will support both actions. Claim preclusion applies not only to matters actually determined in an earlier action but to all relevant matters that could have been determined. Shumaker, 541 N.W.2d at 852.

When the Plaintiff brings an action on a claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he

---

[2] The 8th Circuit subsequently affirmed the district court's imposition of sanctions against KPERS' attorney for unreasonably and vexaciously multiplying proceedings by filing the state court action. Kansas Public Employees Retirement System v. Reimer & Koger Associates, 165 F.3d 627 (8th Cir. 1999).

2

presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. Restatement (2nd) of Judgments §25 cmt.e.; <u>Shumaker,</u> 541 N.W.2d at 853.

In this case, there was no jurisdictional obstacle to prevent Plaintiff from bringing all of her theories in either state or federal court. All of Plaintiff's state claims are within this court's jurisdiction pursuant to 28 U.S.C. §§1367 and 1441, and Iowa courts have concurrent jurisdiction over cases involving 42 U.S.C.§1983. <u>Harrington v. Schossow</u>, 457 N.W.2d 583, 585 (Iowa 1990).

## Conclusion

Plaintiff's second state court action is based entirely on the same facts and mostly on the same theories as her earlier state court action which was lawfully removed by Defendants to this court. The dismissal of these claims from the removed action and their refiling in state court appear to be the first steps in a race to the courthouse that will subvert this court's removal jurisdiction and Defendants' right to removal through the doctrine of claim preclusion in the event that judgment is entered in the state court action before trial in this court. Therefore, this court can, and should, exercise its authority under 28 U.S.C. §1446(d) to enjoin the pending state court action and any other state court proceedings arising out of the transaction or occurrence upon which the claims before this court are based.

Respectfully submitted,

SWISHER & COHRT, P.L.C.

By: /s/ Beth E. Hansen

Beth E. Hansen     BL0013159
528 West Fourth Street
P.O. Box 1200

3

Waterloo, IA 50704-1200
Telephone: (319) 232-6555
Facsimile: (319) 232-4835
E-mail: hansen@s-c-law.com
Attorneys for Defendant, Darwin Bracy

Copies to:
Ross A. Walters, Judge
United States District Court
Southern District of Iowa
123 E. Walnut Street
Des Moines, IA 50309

Roxanne Barton Conlin
Tiffany B. Klosener
319 7th Street, Suite 600
Des Moines, IA 50309

Elizabeth A. Nigut
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-2727

Hugh Cain
Hopkins & Huebner, P.C.
2700 Grand Avenue, Suite 111
Des Moines, IA 50312

Joseph P. McLaughlin
8400 Hickman Road
Des Moines, IA 50325-4329

Thomas J. Duff
The Griffin Building
319 Seventh Street, Suite 600
Des Moines, IA 50309-3826

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above case by service on each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:
☒ U.S. Mail            ☐ Other: _____
☐ Hand Delivered     ☐ FAX
on _____Oct. 17_____, 2003.
_____Barbara A. Horstman_____

4